BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Shale Oil Antitrust Litigation | MDL No. 3119 |

**PLAINTIFFS PATRICK BROWN, ABRAHAM DRUCKER, CHRISTOPHER GALLANT, AND STEVEN PRICE'S RESPONSE IN SUPPORT OF THE MOTION TO TRANSFER**

Plaintiffs Patrick Brown, Abraham Drucker, Christopher Gallant, and Steven Price, Plaintiffs in *Brown et al. v. Permian Resources Corp. et* al., Case No. 1:24-cv-430, D.N.M. (the "*Brown* Action"); pursuant to 28 U.S.C. § 1407 and Panel Rule 6.1(d) and through their undersigned counsel, hereby submit this Response in Support to the Motion to Transfer (ECF No. 1). The Brown Plaintiffs support coordination and consolidation of the Relevant Actions in the District of New Mexico.

## BACKGROUND

The *Brown* Action was filed on May 6, 2024. On May 8, Plaintiffs Matthew E. Foos, Andrew A. Hund, Michael B. Ackerman, Jarrod Johnson, and Mackey and Sons, Inc. filed a Motion to Transfer Related Actions before this Panel, which included the *Brown* Action. *See* ECF No. 1. As of this writing, there are eleven (11) transferee cases or related actions before the Panel. Each of the actions before the Panel alleges that the plaintiffs in question purchased gasoline indirectly from one or more of the Defendants for their vehicles and, in doing so, were harmed when Defendants participated in an illegal scheme to raise the price of shale oil, a major component of gasoline.

## ARGUMENT

The Brown Action, like the action in the Motion to Transfer, stems from an investigation – and now a complaint – by the FTC into Defendants' actions coordinating with OPEC and OPEC+. With eleven actions pending in this MDL across two jurisdictions, as well as Defendants headquartered in Texas, Oklahoma, and New York, New Mexico is the clear center of gravity.

These cases have all been filed in a short period of time (the first-filed case was filed on January 29, 2024). None of them have reached the pleading stage yet. In fact, several of the Nevada cases have been consolidated and are currently facing a motion to transfer under 28 U.S.C. § 1404.

The Brown Plaintiffs submit that the District of New Mexico is the best-suited location for consolidation and centralization. The Permian Basin, which is at the heart of this litigation, is split between West Texas and New Mexico. However, most of the recent activity in the Permian Basin has occurred in New Mexico, rather than Texas, with much expansion happening throughout Southeast New Mexico.[1] In fact, these revenues have led New Mexico to have the 33rd largest sovereign wealth fund in the world and represents at least a third of New Mexico's revenue.[2] Further, New Mexico, thanks to the Permian Basin, is now the second-largest oil producing state and produces 13% of the nation's crude oil.[3]

These factors all make it extremely likely that relevant documents and witnesses will be present in New Mexico. Further, both Oklahoma and Texas border New Mexico, making it convenient for witnesses and documents from those two states.

Such a locus has routinely been found by this Panel to be a more than sufficient basis for consolidation and/or centralization. *See, e.g.*, *In re Chocolate Confectionary Antitrust Litigation*, 542 F.Supp.2d 1376, 1377 (J.P.M.L. 2008) ("Because defendant Hershey's worldwide headquarters are located there, and several of the defendants maintain a presence in or near that district, relevant documents and witnesses are likely located in that area.") *See also In re Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*, 600 F.Supp.3d 1343, 1344 (J.P.M.L. 2022) ("Thus, common witnesses and other evidence likely will be located in or near this district.")

---

[1] *See, e.g.,* https://www.currentargus.com/story/news/2023/01/24/oil-and-gas-companies-moving-into-permian-basin-in-100m-string-of-deals/69831997007/, last accessed June 3, 2024.
[2] *See* https://www.forbes.com/sites/ianpalmer/2023/08/15/permian-oil-and-gas-success-in-new-mexico-and-texas--a-dilemma-for-renewable-energies/?sh=7a261faa7bab, last accessed June 3, 2024.
[3] *See* https://www.eia.gov/state/?sid=NM, last accessed June 3, 2024.

Lastly, the District of New Mexico has only two MDLs currently pending, and those with a mere 17 and 2 active cases.[4] Additionally, the District of New Mexico's case statistics show that it is a relatively speedy docket with an average disposition time for civil cases of 9.9 months.[5]

## **CONCLUSION**

For all the foregoing reasons, the Brown Plaintiffs respectfully request that the Panel grant the Motion to Transfer and consolidate and transfer all transferee cases and related actions to the District of New Mexico.

Dated: June 3, 2024                Respectfully submitted,

By: _____/s/ Carl V. Malmstrom_____
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson St., Suite 1700
Chicago, Illinois 60604
Tel.: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Counsel for the Brown Plaintiffs*

---

[4] *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-3-2024.pdf, last accessed June 3, 2024.
[5] *See* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf, last accessed June 3, 2024.