**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: Shale Oil Antitrust Litigation** | **MDL NO. 3119** |

**INTERESTED PARTY RESPONSE OF PLAINTIFF MELVIN SHORT IN SUPPORT OF TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF NEW MEXICO PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

Pursuant to Rules 6.2(d) and (e), Plaintiff Melvin Short[1] ("Plaintiff") files this Interested Party Response to *Foos* Plaintiffs' ("Movants") request for transfer and centralization of Related Actions[2] before the District of New Mexico. S*ee* Doc. 1. Plaintiff supports the Movants' request for centralization of the Related Actions and believes the District of New Mexico is the proper transferee venue for consolidation. The central geographic location of the courthouse in Albuquerque is convenient for all the parties involved in the litigation—including Plaintiff Short, who resides in Utah. The factors for determining the proper transferee court weigh in favor of transfer to the District of New Mexico.

## BACKGROUND

Presently before the Panel are 16 cases, with the majority of the actions have been filed in the west (9 in Nevada and 5 in New Mexico). Plaintiff Short's action was the first to be filed in a jurisdiction in the east (pending in the Southern District of New York), and an additional case on

---

[1] *See* Complaint, *Short v. Permian Resources Corp. et al.*, No. 1:24-cv-04506 (S.D.N.Y. Jun. 12, 2024) (Doc. No. 70).

[2] Including the Related Actions, there are 16 actions (total) currently in this MDL proceeding. Nine actions are located in the District of Nevada: *Rosenbaum v. Permian Resources, et. al.*, 2:24-cv-00103 (D. Nev.) filed January 12, 2024 ("*Rosenbaum*"), included: *Andrew Caplen Installations LLC v. Permian Resources Corp, et al.*, No. 2:24-cv-00150 (D. Nev.), filed January 22, 2024 ("*Andrew Caplen Installations*"); *These Paws Were Made For Walkin' LLC v. Permian Resources Corp, et al.*, No. 2:24-cv-00164 (D. Nev.), filed January 24, 2024 ("*These Paws Were Made For Walkin'*"); *Courtmanche v. Permian Resources Corp. et al.*, No. 2:24-cv-00198 (D. Nev.), filed January 29, 2024 ("*Courtmanche*"); *Mellor v. Permian Resources Corp. et al.*, No. 2:24-cv-00253 (D. Nev.), filed February 6, 2024 ("*Mellor*"); *Santillo v. Permian Resources Corp. et al.*, No. 2:24-cv-00279 (D. Nev.), filed February 8, 2024 ("*Santillo*"); *Beaumont v. Permian Resources Corp. et al.*, No. 2:24-cv-00298 (D. Nev.), filed February 12, 2024 ("*Beaumont*"); *MacDowell v. Permian Resources Corp. et al.*, No. 2:24-cv-00325 (D. Nev.), filed February 15, 2024 ("*MacDowell*"); *Western Cab Co. v. Periman Resources Corp. et al.*, No. 2:24-cv-00401 (D. Nev.), filed February 28, 2024 ("*Western Cab Company*") (collectively, the "Nevada Cases"). Five actions are located in the District of New Mexico: *Foos v. Permian Resources, et al.*, No. 1:24-cv-00361 (D.N.M.) filed April 15, 2024; *Brown v. Permian Resources, et al.*, No. 1:24-cv-00430 (D.N.M.) filed May 6, 2024; *Castillo Construction and Management, LLC et al v. Permian Resources Corp. et al.*, No. 1:24-cv-00563 (D.N.M.) filed June 4, 2024; *Overstreet v. Permian Resources Corp. et al*, No. 1:24-cv-00583 (D.N.M.) filed June 9, 2024; and *Michael Blackburn Strupp, et al. v. Permian Resources Corp., et al.*, No. 1:24-cv-00605. Plaintiff Short's action was filed in the Southern District of New York: *Short v. Permian Resources Corp. et al.*, No. 1:24-cv-04506 (S.D.N.Y.) filed June 12, 2024. An action in the District of Maine was filed on June 20, 2024: *see Robert Carignan v. Permian Resources Corp., et al.*, No. 2:24-cv-00218 (D. Me.).

the east coast was recently file in the District of Maine. *See Robert Carignan v. Permian Resources Corp., et al.*, 2:24-cv-00218 (D. Me.), filed June 20, 2024.

All plaintiffs allege that the eight Defendants[3], the nation's largest producers of shale oil, have coordinated with the Organization of Petroleum Exporting Countries ("OPEC") and conspired to constrain the domestic production of shale oil to artificially increase prices. The Related Actions make substantially similar allegations against the Defendants: that they conspired to fix, raise, and maintain the prices of shale oil, causing all Plaintiffs to pay more for petroleum-based products than they would have absent Defendants' unlawful conduct. Plaintiffs allege that this conduct violated Section 1 of the Sherman Act, as well as numerous state antitrust, unfair competition, and consumer protection laws.

## ARGUMENT

Plaintiff Short agrees with the plaintiffs who filed in the District of New Mexico that the Related Actions should be centralized under § 1407 in the District of New Mexico.[4] Plaintiff Short

---

[3] The 8 Defendants consist of Permian Resources Corporation (f/k/a/ Centennial Resource Development, Inc.); Chesapeake Energy Corporation; Continental Resources Inc.; Diamondback Energy, Inc.; EOG Resources, Inc.; Hess Corporation; Occidental Petroleum Corporation; and Pioneer Natural Resources Company.

[4] Plaintiff Short need not repeat the arguments already articulated by the *Foos* Movants for centralization. As the *Foos* Movants have argued, centralization is appropriate because the Related Actions meet the standards under § 1407, including that the Related Actions involve common questions of law and fact, centralization will promote the just and efficient conduct of the actions, and transfer and centralization will further the convenience of the parties and witnesses. 28 U.S.C. § 1407. *See* Memorandum in Support of Motion to Transfer, Doc. No. 1 at 4-7. And as the *Foos* Movants argued persuasively in their Consolidated Reply on the Motion to Transfer, none of the alternatives are more suitable than centralization. *See* Doc. No. 66 at 3.

supports transfer to the District of New Mexico because it is the center of gravity for the litigation, is the geographic center of the cases that are currently on file, and is a convenient location for the parties and their counsel.[5] New Mexico is not only a central location for the production of shale oil, but also a central venue for all of the parties in the pending cases – and Plaintiff Short's case, filed in the Southern District of New York, makes that centrality even clearer (as does the recent filing of a related case in the District of Maine). With cases now on file coast to coast, it is apparent that a transferee district that is centrally located will best serve the interests of the parties and the MDL court in efficiently and effectively resolving this sprawling litigation, involving defendants, plaintiffs and counsel from across the country.[6] *See, e.g.*, *In re Realpage, Inc., Rental Software Antitrust Litigation (No. II)*, 669 F.Supp.3d 1372, 1373 (J.P.M.L. 2023) (Panel transferred multiple case to Middle District of Tennessee where the district was the first or alternative choice of several plaintiffs and the district "presents a geographically central, convenient, and accessible venue for this nationwide litigation").

As such, Plaintiff Short respectfully requests that the Panel grant the *Foos* Movants' motion for transfer of these actions to the District of New Mexico.

---

[5] In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating "the nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014).

[6] The Nevada Cases also agree that the District of New Mexico is a proper venue for this litigation "in the alternative", which is understandable, as the factors for determining the most proper venue for consolidation weigh heavily in favor of the District of New Mexico. *See* Consolidated Reply, Doc. No. 66 at 10.

Dated: July 1, 2024

Respectfully submitted,

By: /s/ *Michael J. Flannery*
Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
Two City Place Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
Fax: (202) 789-1813
mflannery@cuneolaw.com

*Counsel for Interested Party Plaintiff Melvin Short*