UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: SHALE OIL
ANTITRUST LITIGATION**                                        MDL No. 3119

**TRANSFER ORDER**

**Before the Panel**:[*]  Plaintiffs in a District of New Mexico action (*Foos*) move under 28 U.S.C. § 1407 to centralize this litigation in that district.  This litigation consists of five actions pending in two districts, as listed on Schedule A.  In addition, the parties have informed the Panel of eleven potentially-related actions pending in four districts.[1]

All responding parties agree that the actions should proceed together in one court, but they differ as to the mechanism for transfer and their preferred transferee forum.  Plaintiffs in one action and two potential tag-along actions support Section 1407 centralization in the District of New Mexico.  Plaintiffs in the District of Nevada actions suggest Section 1407 centralization in the District of Nevada or, alternatively, the District of New Mexico.  Defendants[2] oppose Section 1407 centralization in favor of transfer of all actions to one court under Section 1404.  Alternatively, they suggest Section 1407 centralization in the Western District of Texas or, as further alternatives, the Northern District of Texas, the Southern District of Texas, or the District of Nevada.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of New Mexico will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from an alleged price-fixing conspiracy among eight of the nation's largest shale oil producers, which plaintiffs allege

---

[*]     Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]     These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]     Permian Resources Corporation, Chesapeake Energy Corporation, Continental Resources, Inc., Diamondback Energy, Inc., EOG Resources, Inc., Hess Corporation, Occidental Petroleum Corporation, and Pioneer Natural Resources Company.

- 2 -

has had the effect of fixing, raising, and maintaining the price of petroleum-based products such as gasoline, diesel fuel, commercial marine fuel, and heating oil, throughout the U.S.  Plaintiffs variously bring claims for violation of federal and state antitrust, unfair competition, and consumer protection laws.  All actions propose putative classes of indirect purchasers of various petroleum-based products made from crude oil.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing Section 1407 centralization in favor of Section 1404 transfer, defendants argue that actions are pending in just three districts, and nine of them have been consolidated before a single judge in the District of Nevada.  Defendants also argue that they have moved or intend to move to transfer the Nevada and New Mexico actions to the Western District of Texas under Section 1404.  The Panel has denied centralization where a "reasonable prospect" exists that the multidistrict character of a litigation could be resolved through pending Section 1404 motions. *See, e.g.*, *In re Gerber Probiotic Prods. Mtkg. & Sales Pracs. Litig.*, 899 F. Supp. 1378, 1379 (J.P.M.L. 2012).  But a transfer motion has been filed only in the District of Nevada, and related actions have been filed in two additional districts since the close of briefing.  We find that there is no reasonable prospect that the multidistrict character of this litigation will be resolved through Section 1404 transfer in the near future, given the uncertain outcome of pending transfer motions and the expanding number of involved districts.  All parties agree the actions should proceed in a single court, and Section 1407 centralization at this time will allow the parties and the judiciary to more quickly realize such efficiencies.

The District of New Mexico is an appropriate transferee district for this litigation.  Five related actions are pending in this district, which bears a factual nexus to the litigation, given that plaintiffs contend that much of defendants' shale oil production occurs in New Mexico.  This district also is relatively convenient for several defendants, which have headquarters in nearby Texas and Oklahoma.  Judge Matthew L. Garcia has not yet had an opportunity to oversee a multidistrict litigation docket, and we are confident he will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Mexico are transferred to the District of New Mexico and, with the consent of that court, assigned to the Honorable Matthew L. Garcia for coordinated or consolidated pretrial proceedings.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly                    Roger T. Benitez
Dale A. Kimball                        Madeline Cox Arleo

**IN RE: SHALE OIL**
**ANTITRUST LITIGATION**                                      MDL No. 3119

## SCHEDULE A

<u>District of Nevada</u>

ROSENBAUM, ET AL. v. PERMIAN RESOURCES CORP., ET AL.,
    C.A. No. 2:24−00103
MELLOR v. PERMIAN RESOURCES CORP., ET AL., C.A. No. 2:24−00253
MACDOWELL, ET AL. v. PERMIAN RESOURCES CORP., ET AL.,
    C.A. No. 2:24−00325

<u>District of New Mexico</u>

FOOS, ET AL. v. PERMIAN RESOURCES CORP., ET AL., C.A. No. 1:24−00361
BROWN, ET AL. v. PERMIAN RESOURCES CORP., ET AL., C.A. No. 1:24−00430